12-2566-cv
*Vector Capital Corp. v. Ness Technologies Inc.*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14ᵗʰ day of February, two thousand thirteen.

PRESENT:

JOHN M. WALKER,
JOSÉ A. CABRANES,
RICHARD C. WESLEY,

*Circuit Judges.*

_____

VECTOR CAPITAL CORPORATION,

*Plaintiff-Appellant*,

v.                                                                No. 12-2566-cv

NESS TECHNOLOGIES INCORPORATED,

*Defendant-Appellee.*

_____

**FOR PLAINTIFF-APPELLANT:**          ROBERT KNUTS, Park & Jensen, LLP, New York, NY.

**FOR DEFENDANT-APPELLEE:**  THOMAS J. FLEMING (Renee M. Zaytsev, *on the brief*), Olshan, Frome, Wolosky, LLP, New York, NY.

Appeal from a judgment and order of the United States District Court for the Southern District of New York (P. Kevin Castel, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the March 21, 2012 judgment is **VACATED**, and the case is **REMANDED** for further proceedings consistent with this order.

Plaintiff-Appellant Vector Capital Corp. ("Vector"), a privately-held company which invests in technology businesses, appeals from the District Court's March 21, 2012 judgment dismissing its complaint against defendant-appellee Ness Technologies Inc. ("Ness") for failing to state a claim on which relief can be granted. Vector also appeals the District Court's May 23, 2012 order denying its motion for relief from the judgment. On appeal, Vector argues that it stated a breach of contract claim which was plausible on its face and that the District Court erred in dismissing its complaint. We assume the parties' familiarity with the facts and procedural history of this case, to which we refer only as necessary to explain our decision to vacate the judgment. Unless otherwise noted, the facts presented below are undisputed.

On March 16, 2011, Vector and Ness entered into an Exclusivity Agreement ("Agreement") that created certain conditions for the parties during an "exclusivity period" lasting until May 20, 2011. As relevant here, Ness agreed not to, directly or indirectly,

> (a) initiate, solicit or encourage any inquiries, discussions or proposals regarding, (b) continue, participate in any way in, propose or enter into any negotiations or discussions with respect to, (c) provide any non-public information relating to or in connection with, or (d) authorize, propose or enter into any confidentiality agreement, term sheet, letter of intent, purchase agreement or other agreement, arrangement or understanding regarding, in all cases, (i) a merger, reorganization, business combination or similar transaction involving [Ness], (ii) the acquisition of all or a material portion of the assets (including the capital stock of subsidiaries of [Ness]) of [Ness] or (iii)

2

the acquisition of all or a material portion of the outstanding capital stock of [Ness] . . . in each case other than involving . . . [Vector] or any of its Affiliates . . . .

Ness also agreed to notify Vector "promptly (and in any event within one business day) of any inquiry, discussion or proposal" made to it "regarding an Alternative Transaction, including a summary of the material terms thereof."

Vector's complaint alleges that Ness breached the Agreement by, *inter alia*, "(a) actively discussing an offer submitted by Citi Venture Capital International ("CVCI") during the term of the Exclusivity Agreement; [and] (b) failing to disclose certain information concerning the CVCI offer and communications to Vector, as required by the Exclusivity Agreement . . . ." Vector further alleged that it had "expended more than $1 million in order to negotiate and complete the acquisition of Ness pursuant to the terms of the [Agreement]," and sought to recover "all damages . . . arising from Ness' breaches of the [Agreement]," including for "out-of pocket expenses and lost profits."

On March 19, 2012, the District Court granted Ness's motion to dismiss the complaint for failure to state a claim upon which relief can be granted, *see* Fed. R. Civ. P. 12(b)(6). *Vector Capital Corp. v. Ness Techs., Inc.*, No. 11-CV-6259, 2012 WL 913245, at *8 (S.D.N.Y. Mar. 19, 2012). This appeal followed.

## DISCUSSION

"We review a district court's grant of a motion to dismiss under Rule 12(b)(6) *de novo*, accepting as true all facts alleged in the complaint and drawing all reasonable inferences in favor of the non-moving party." *Ashland Inc. v. Morgan Stanley & Co., Inc.*, 652 F.3d 333, 337 (2d Cir. 2011). "For a complaint to be sufficient, the claim asserted must be one that, in light of the factual allegations, is at least 'plausible.'" *Anderson News, L.L.C. v. Am. Media, Inc.*, 680 F.3d 162, 182 (2d Cir. 2012) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

3

Under New York law, which the parties agree governs this dispute, "[t]o establish a *prima facie* case for breach of contract, a plaintiff must plead and prove: (1) the existence of a contract; (2) a breach of that contract; and (3) damages resulting from the breach." *Nat'l Mkt. Share, Inc. v. Sterling Nat'l Bank*, 392 F.3d 520, 525 (2d Cir. 2004). The District Court assumed the existence of a valid contract, but found that Vector had not sufficiently alleged a contractual breach, or resulting damages. *Vector*, 2012 WL 913245, at *3. Specifically, the District Court held that "[t]he Agreement cannot reasonably be read to prohibit Vector from internal discussions of unsolicited proposals," and that "Vector fails to make any well-pleaded factual allegation that external discussions took place." *Id.* at *4-5. In addition, the District Court found that Ness's alleged failure to disclose an April 7, 2011 letter from CVCI did not allege a contractual breach because "Ness was not required to disclose letters setting forth no material terms." *Id.* at *5. Finally, the District Court held that Vector's allegations of damages did not "plausibly allege damage that was caused by [Ness's] breaches." *Id.* at *7 ("There is no plausible allegation that [Vector's] due diligence lost [its] value because Ness employees discussed the CVCI offer internally, [or] did not inform Vector of the April 7 CVCI letter that announced no new material terms . . . .").

The District Court erred in concluding that Vector failed to make any well-pleaded allegations that discussions occurred between CVCI and Ness during the exclusivity period. For instance, Vector alleged that CVCI submitted an offer to purchase Ness only seven business days after the end of the exclusivity period and that "it was not physically possible for CVCI to complete all relevant due diligence" in such a short period of time. This allegation pleads "factual content that allow[ed] the court to draw the reasonable inference that [Ness was] liable for the misconduct alleged," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), namely engaging in external acquisition discussions with a third-party during the exclusivity period of the Agreement.

4

Likewise, the District Court construed too narrowly the reporting provision of the Agreement, which stated that Ness was obliged to notify Vector of "promptly . . . [of] any inquiry, discussion or proposal" made to it during the exclusivity period "regarding an Alternative Transaction, *including* a summary of the material terms thereof." (emphasis added). The April 7 letter was not required to set forth "material terms," to fall within the ambit of the reporting provision. By its plain terms, the letter deals with "the opportunity to explore a transaction [between CVCI and Ness] if and when the time were to arrive that [Ness is] not in an exclusivity period." Further facts are not required to plausibly allege that CVCI made an inquiry into, or had a discussion about, an Alternative Transaction with Ness.

Third, and finally, the District Court erred in holding that Vector had not alleged damages because "[w]ith notice of CVCI's proposal, Vector's due diligence would [only] have allowed Vector to decide whether to stand pat or make a higher offer." *Vector*, 2012 WL 913245, at *7. It is a reasonable inference that had Vector been aware of the fact, and scale, of acquisition-related communications between Ness and CVCI, it would have affected Vector's negotiating strategy and its post-breach, out-of-pocket expenses, which might have been avoided entirely absent the alleged breach. At the pleading stage, Vector is not required to make further allegations to survive a motion to dismiss.

We hold that the District Court erred in dismissing Vector's complaint for failure to state a claim.

**CONCLUSION**

Accordingly, the March 21, 2012 judgment is **VACATED**, and the case is **REMANDED** for further proceedings consistent with this order, including a period of pre-trial discovery and, if appropriate in the view of the District Court, additional motion practice. We have not considered the significance *vel non* of the "newly discovered evidence" to which Vector has drawn our attention, but on remand this evidence can and should be the subject of discovery processes and motion practice in the normal course. Of course, we intimate no view on the legal significance of this evidence.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk